**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3520-23

ANDREWS21, LLC,

     Plaintiff-Appellant,

v.

RHI HOME IMPROVEMENT
CONTRACTOR, CHRIS TAUSSI,
individually, RHI HOME
IMPROVEMENTS, INC., and
RHI BUILDERS, INC.,

     Defendants-Respondents.

_____

Submitted May 6, 2025 – Decided June 24, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1707-22.

Thomas M. Egan, PC, attorney for appellant (Thomas M. Egan, on the brief).

Respondents have not filed a brief.

PER CURIAM

This appeal arises out of disputes over a home improvement project. Plaintiff Andrews21, LLC (AS21 LLC) alleged that defendant Chris Taussi (Taussi) breached an oral agreement to make certain improvements to a house that AS21 LLC owned. Plaintiff also alleged that Taussi violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227, by not providing a written contract for the improvements.

Following a bench trial, the court found Taussi had not breach the contract and plaintiff had not proved damages. The court also found that plaintiff was estopped from claiming a violation of the CFA because Taussi had offered to provide a written contract, but plaintiff declined that offer and thereafter paid Taussi for most of his work.

Plaintiff now appeals from the judgment order dismissing its claims against Taussi. Because the trial court's findings are supported by substantial credible evidence presented at the trial, and because we discern no reversible error in the trial court's legal conclusions, we affirm.

I.

The facts were established at a one-day trial conducted on June 3, 2024. Four witnesses testified at trial: Maureen McCarthy, the sole member and owner of AS21 LLC; Patrick Tansey, another contractor hired by McCarthy to do work

2

at the house; Taussi; and Rory Guevara, a person who worked with Taussi. At trial, plaintiff was represented by counsel and Taussi represented himself.

McCarthy testified that she had purchased a single-family residential house located at 21 Andrews Place, Pequannock, New Jersey (the House), which was located next door to her home. She formed AS21 LLC to own the House.

In 2021, McCarthy hired several contractors to renovate the House. She explained that the renovations included adding a bedroom and bathroom, renovating the kitchen, and making other improvements, including installing molding and new doors.

In the spring of 2021, McCarthy met with Taussi and they entered into an oral agreement under which Taussi agreed to perform certain renovations and McCarthy agreed to pay Taussi $14,000. McCarthy testified that Taussi never offered her a written contract. In contrast, Taussi testified that he offered to provide a written contract, but McCarthy declined that offer and said that she would pay Taussi in cash.

McCarthy and Taussi also disagreed concerning the scope of the work Taussi was to perform. McCarthy testified that Taussi agreed to install new kitchen cabinets, install shoe and crown molding in various rooms throughout the House, install nine new doors, and add hinges and locks to the new and

existing doors. Taussi testified that he agreed to install the new kitchen cabinets for $16,500. Thereafter, the parties agreed to a reduced price of $14,000, which McCarthy would pay in cash. He explained that any other work would have required an additional agreement for additional costs.

Taussi installed the new kitchen cabinets and McCarthy gave Taussi two checks totaling $13,005.[1] At that point, the parties got into a dispute over payment and the scope of any remaining work and Taussi stopped working on the house.

McCarthy testified that she then hired Tansey to finish the work that Taussi was supposed to have performed. In support of that testimony, McCarthy submitted a $7,000 invoice from Tansey.

In his testimony, Tansey stated that he had to level and reinstall the kitchen cabinets. He also installed five doors, installed locks and hinges on doors, and added molding in various rooms. Tansey testified that he was paid $7,000 for that work.

---

[1] At trial, plaintiff introduced copies of two checks from McCarthy to Taussi. One check was for $7,000 and the other check had conflicting entries indicating that it was either for $6,500 or $6,005. It is undisputed that Taussi only received $6,005 when he cashed the second check.

4

During his testimony, Taussi stated that McCarthy never contacted him after he stopped working on the House to claim that the kitchen cabinets were installed incorrectly. In that regard, he explained that McCarthy never asked him to come back to the House to repair any of the work that he had performed.

In October 2022, plaintiff sued Taussi. In an amended complaint, plaintiff asserted several claims, including breach of contract, negligence, misrepresentations, and violations of the CFA.[2]

On June 4, 2024, after hearing the testimony at trial and considering the documents submitted into evidence, the court entered an order dismissing plaintiff's complaint. The court also issued a written opinion setting forth its findings of facts and conclusions of law.

Addressing plaintiff's breach of contract claim, the court found that the parties had entered into an oral agreement under which Taussi would make renovations to the House for $14,000. The court found that the agreement only covered installation of kitchen cabinets. In that regard, the court did not find McCarthy's testimony credible that Taussi had agreed to install molding.

---

[2] The amended complaint also named two additional defendants: RHI Home Improvements, Inc. and RHI Builders, Inc. Neither of those defendants filed answers. In February 2024, default judgments were entered against RHI Home Improvements, Inc. and RHI Builders, Inc.

A-3520-23

The court also found that plaintiff had failed to prove damages concerning its breach of contract claim. In that regard, the court found that "[a] calculation of damages would be impossible based on the evidence presented as the invoice from Mr. Tansey who allegedly installed the [crown molding and shoe molding] does not specifically provide that molding was installed. The invoice is lacking all necessary details and similarly the testimony lacked details necessary to establish pertinent facts."

The trial court also found that plaintiff had not proven that the kitchen cabinets were installed incorrectly. In support of that finding, the trial court pointed out that "[t]he invoice for $7,000 from [Tansey,] who allegedly fixed the unfinished work by defendant[,] does not provide a breakdown of the work performed." The trial court also pointed out that "[McCarthy] and her witness only provided a hearsay statement from the countertop installer who claimed the cabinets were [defective]," and that "[McCarthy] did not provide any photographic evidence showing the kitchen cabinets were installed improperly."

Turning to plaintiff's CFA claim, the court found that plaintiff was equitably estopped from contending that Taussi had failed to provide McCarthy with a written contract. The court implicitly found more credible Taussi's testimony that he offered McCarthy a written contract, but that McCarthy

6

decided not to have a written contract. The court also found that plaintiff had not proven any ascertainable damages under the CFA and, therefore, plaintiff had not established a viable CFA claim.

Plaintiff now appeals from the judgment order entered after the bench trial.

II.

On appeal, plaintiff makes three arguments. It contends that the trial court erred in holding that (1) plaintiff was equitably estopped from receiving protections under the CFA; (2) plaintiff had failed to prove that certain work was part of the original agreement; and (3) plaintiff had failed to prove ascertainable damages and was not entitled to attorneys' fees under the CFA. Taussi did not submit a brief in opposition to plaintiff's appeal.

Initially, we note that at trial, plaintiff limited its claims to a breach of contract and a violation of the CFA. Moreover, on this appeal, plaintiff has not made any arguments concerning claims other than a breach of contract and a violation of the CFA. So, plaintiff has waived any other claims or arguments. N. Haledon Fire Co. No. 1 v. Borough of N. Haledon, 425 N.J. Super. 615, 631 (App. Div. 2012) (explaining that "[a]n issue not raised [in the trial court] will not be considered for the first time on appeal"); State v. Walker, 385 N.J. Super.

388, 410 (App. Div. 2006) (stating that "[g]enerally, issues not raised [in the trial court] . . . will not ordinarily be considered on appeal unless they are jurisdictional in nature or substantially implicate public interest").

A.    Our Scope of Review.

We review a "'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial,'" under a deferential standard. Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).  Appellate courts accept the trial court's factual findings unless "'they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'"  D'Agostino, 216 N.J. at 182 (alteration in original) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).  A trial court's legal conclusions and the legal consequences that flow from established facts are reviewed de novo. Motorworld, Inc. v. Benkendorf, 228 N.J. 311, 329 (2017); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

B.    The Breach of Contract Claim.

To establish a claim for breach of contract, a plaintiff must prove that (1) "the parties entered into a contract containing certain terms" (2) "plaintiff[] did

what the contract required [it] to do"; (3) "defendant[] did not do what the contract required [him] to do"; and (4) "defendant['s] breach, or failure to do what the contract required, caused a loss to the plaintiff[]." Goldfarb v. Solimine, 245 N.J. 326, 338 (2021) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016)) (internal quotation marks omitted).

Plaintiff's breach of contract claim relied on two contentions. First, that Taussi agreed to perform more work than he actually completed. In that regard, plaintiff claimed that Taussi had agreed to install floor and ceiling molding in various parts of the House, install new doors, and add hinges and handles to the new door and other doors. The trial court found that plaintiff failed to prove that the parties agreed to include the additional work as part of the contract.

Second, plaintiff contended that Taussi improperly installed the kitchen cabinets and McCarthy had to have another contractor reinstall the cabinets. The trial court also rejected that claim, finding that there was no proof that the cabinets had been improperly installed.

The trial court's findings of fact are supported by substantial credible evidence. Indeed, most of those findings are based on credibility determinations regarding the testimony of McCarthy and Taussi. We discern no basis to disagree with the trial court's factual findings.

Additionally, the trial court found that plaintiff did not prove any damages resulting from the alleged breach of contract. The court found that plaintiff had not presented proofs establishing the actual cost of installing the crown and shoe molding. Plaintiff had also not submitted specific proof of the cost of reinstalling the kitchen cabinets. All those findings are supported by substantial credible evidence. We also discern no error in the trial court's legal analysis of plaintiff's failure to prove a breach of contract claim.

C.    Plaintiff's CFA Claim.

The CFA was enacted to protect consumers against loss resulting from fraud by persons engaged in the sale of goods and services. Scibek v. Longette, 339 N.J. Super. 72, 77 (App. Div. 2001). To "prevail on a CFA claim, a plaintiff must establish three elements: '1) unlawful conduct by [the] defendant; 2) an ascertainable loss by [the] plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Zaman v. Felton, 219 N.J. 199, 222 (2014) (citation reformatted) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)).

An unlawful practice includes a violation of administrative regulations promulgated under the CFA. Scibek, 339 N.J. at 78. Violations of the Contractors Registration Act (the CR Act), N.J.S.A. 56:8-138 to -152, also

10

constitute an unlawful practice under the CFA.  Murnane v. Finch Landscaping, LLC, 420 N.J. Super. 331, 336-37 (App. Div. 2011) (explaining that "[a]ny violation of the [CR] Act is an 'unlawful act' under the CFA").

The CR Act regulations governing home-improvement contractors require that "[e]very home improvement contract for a purchase price in excess of $500, and all changes in the terms and conditions of the contract, shall be in writing." N.J.S.A. 56:8-151.

Plaintiff contended that Taussi, who was a home improvement contractor, violated the CFA by not providing a written contract concerning the work that he performed at the House.  The trial court rejected that claim, finding that plaintiff was equitably estopped from making that contention because McCarthy was offered a written contract but declined that offer and thereafter paid the majority of the agreed upon price.  The court also noted that McCarthy did not have a written contract with Tansey.  On appeal, plaintiff contends that the trial court erred as a matter of law because equitable estoppel should not have been applied given the facts of this case.

"Equitable estoppel applies when 'conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law.'"  D'Agostino, 216 N.J. at 200

(quoting McDade v. Siazon, 208 N.J. 463, 480 (2011) (internal quotation marks omitted)). The elements of equitable estoppel are: (1) "a knowing and intentional misrepresentation by the party sought to be estopped under circumstances in which the misrepresentation would probably induce reliance," and (2) "reliance by the party seeking estoppel to his or her detriment." Ibid. (quoting O'Malley v. Dep't of Energy, 109 N.J. 309, 317 (1987)) (internal quotation marks omitted).

We have applied the doctrine of equitable estoppel to CFA claims. See Joe D'Egidio Landscaping, Inc. v. Apicella, 337 N.J. Super. 252, 257 (App. Div. 2001). We have also explained that applying equitable estoppel to a CFA claim involves an analysis of the specific facts and the circumstances of the case. Scibek, 339 N.J. Super. at 85. Therefore, a court should carefully consider the facts and equities of a case in deciding whether to apply equitable estoppel. Ibid.; D'Egidio Landscaping, 337 N.J. Super. at 257.

Having reviewed the record in this matter, we are satisfied that the trial court appropriately applied the doctrine of equitable estoppel to plaintiff's CFA claim. The testimony at trial established that McCarthy was acting as the general contractor coordinating the improvements to a second home that she had purchased through a limited liability company. Taussi testified that he offered

McCarthy a written contract, but she declined because she wanted to pay Taussi in cash. That testimony supports the trial court's finding that McCarthy understood what she was doing when she declined to accept a written contract. Indeed, Taussi's testimony supports the inference that McCarthy declined a written contract to negotiate a better price. Moreover, there was nothing in the record showing that McCarthy had a written contract with Tansey, the contractor she brought in to finish the work that Taussi allegedly had not completed.

We recognize that the application of the principle of equitable estoppel to a CFA claim is fact specific. In affirming the trial court in this matter, we are satisfied that the particular facts of this case support the court's application of equitable estoppel. The contract at issue was a limited contract for $14,000. Plaintiff paid over $13,000, thereby demonstrating that McCarthy was satisfied and had accepted most of the work that was performed. Given those facts, this was not a case where equity or fairness would support an award for attorneys' fees. Indeed, an award of fees in this case would unjustly punish a contractor who acted in accordance with the homeowner's instructions. So, we discern no reversible error in the trial court's findings and legal conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

13                                                                          A-3520-23